# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VALEN LITTLE, #M53843, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 19-cv-00588-NJR |
| vs. | ) ) |
| DANIEL SULLIVAN, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Valen Little, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983; he seeks monetary damages. (Doc. 1). The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff alleges there are no cameras or panic buttons at Big Muddy and that this is a safety issue. (Doc. 1, p. 7). He further alleges that there would be "no proof" in the event of an altercation between an inmate and correctional staff. *Id.* He names Warden Daniel Sullivan as the only defendant, on the basis that the Warden "is responsible for cameras." (Doc. 1, p. 1). He asserts his Fourteenth Amendment equal protection rights have been violated because all other IDOC

facilities have cameras and panic buttons. Based on these allegations, the Court designates the following counts:

> Count 1: Eighth Amendment claim for unconstitutional conditions of confinement due to a lack of cameras and panic buttons.
>
> Count 2: Eighth Amendment claim for failure to protect due to a lack of cameras and panic buttons.
>
> Count 3: Fourteenth Amendment equal protection claim due to a lack of cameras and panic buttons at Big Muddy when all other IDOC facilities have such equipment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding their merit. **Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.**[1]

## Discussion

*Counts 1 and 2*

Regardless of how Plaintiff's Eighth Amendment claim is characterized–as a conditions of confinement or failure to protect claim–the allegations must at least suggest that the lack of cameras and panic buttons at Big Muddy amounts to deliberate indifference. An Eighth Amendment claim for unconstitutional conditions of confinement arises when a defendant responds to a substantial risk of harm posed to a plaintiff's health or safety with deliberate indifference. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994). Similarly, a failure to protect claim arises when a plaintiff is incarcerated under conditions posing a substantial risk of serious harm

---

[1] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

and the defendant acted with deliberate indifference to the plaintiff's health or safety. *Farmer v. Brennan,* 511 U.S. 825, 834, 837 (1994); *Santiago v. Walls,* 599 F.3d 749, 756 (7th Cir.2010). "[A] generalized risk of violence is not enough, for prisons are inherently dangerous places." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (internal citations and quotations omitted). Instead, a plaintiff "must allege a tangible threat to his safety or well-being" and "a substantial risk of future harm." *Id.* "A substantial risk of serious harm is one in which the risk is so great that it is almost certain to materialize if nothing is done." *Id.*

Plaintiff has not alleged a substantial risk of harm to his health or safety. Accordingly, the Complaint does not support a conditions of confinement or failure to protect claim against Warden Sullivan, and Counts 1 and 2 will be dismissed without prejudice.

*Count 3*

Plaintiff asserts his Fourteenth Amendment equal protection rights have been violated because all other IDOC facilities have cameras and panic buttons. A *prima facie* case of discrimination under the Fourteenth Amendment equal protection clause requires a plaintiff to show that he "is a member of a protected class," that he "is otherwise similarly situated to members of the unprotected class," and that he "was treated differently from members of the unprotected class." *Brown v. Budz,* 398 F.3d 904, 916 (7th Cir. 2005) (quoting *McNabola v. Chicago Transit Auth.*, 10 F.3d 501 (7th Cir. 1993)). Plaintiff's allegations do not state an equal protection claim and, thus, Count 3 will be dismissed without prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file a "First Amended

Complaint" on or before **July 12, 2019**. An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own *without* reference to any previous pleading. Plaintiff must set forth all claims against all defendants in the First Amended Complaint. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, **the entire case shall be dismissed with prejudice** for failure to comply with a court order and/or for failure to prosecute his claim. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

If Plaintiff wants to pursue his claim, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00588-NJR). The Clerk of Court is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change

in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED**.

    **DATED:  6/14/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**